IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |
|---|---|
| BANKRUPTCY ADMINISTRATOR ) | Case No. 5:15-cv-00496-BO |
| ) | |
| Appellant, ) | |
| ) | |
| vs ) | |
| ) | |
| GABRIEL LEVAR JACKSON ) | |
| MONTE NICOLE JACKSON ) | |
| ) | |
| Appellees. ) | |

## Certification to Court of Appeals by All Parties

A notice of appeal having been filed in the above-styled matter on September 23, 2015, the Bankruptcy Administrator, Gabriel Levar Jackson, and Monte Nicole Jackson, who are all the appellants and all the appellees hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that circumstances specified in 28 U.S.C. § 158(d)(2) exist as stated below. As a result, the appellant and appellees make this joint certification pursuant to Fed. R. Bankr. P. 8006(c) using Official Form B424.

Leave to appeal in this matter:

☐ is required under 28 U.S.C. § 158(a)

☒ is not required under 28 U.S.C. § 158(a).

This certification arises in an appeal from a final order of the United States Bankruptcy Court for the Eastern District of North Carolina entered on September 10, 2015.

The order involves a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States, and the order involves a matter of public importance. Additionally, the order involves a question of law requiring resolution of conflicting decisions.

(A) **BRIEF STATEMENT OF THE FACTS**:

This is an appeal of the Bankruptcy Court's September 10, 2015 Order denying the Bankruptcy Administrator's motion to dismiss the Debtors' chapter 7 case for abuse pursuant to 11 U.S.C. § 707(b)(1). The underlying issue on appeal turns on two competing interpretations of § 707(b)(2) and Official Form 22A-2, and the propriety of the Debtors' means test deductions on Lines 9 and 13 of that form. The Bankruptcy Administrator argues a debtor may deduct only his or her actual housing and vehicle expenses or the applicable National or Local Standards, whichever is less. Under this view, the presumption of abuse would arise and require dismissal of the Debtors' case. The Debtors countered and the Court agreed, that their deduction of the standardized IRS allowances in both categories was appropriate, notwithstanding the fact that their actual costs are lower.

Prior to the issuance of the September 10, 2015 Order denying the Bankruptcy Administrator's motion to dismiss, the Honorable Bankruptcy Judge David M. Warren and the Honorable Bankruptcy Judge Randy D. Doub, deceased, had previously interpreted 11 U.S.C. §707(b)(2) in a fashion that is more in line with the interpretation advanced by the Bankruptcy Administrator. Thus, the Court's issuance of the September 10, 2015 Order created conflicting decisions within the Eastern District of North Carolina in relation to the interpretation of key provisions of 11 U.S.C. §707(b)(2). The parties do not believe there exists any controlling

authority on this issue from the U.S. Court of Appeals for the 4th Circuit or the U.S. Supreme Court.

Resolving these conflicting decisions is a matter of public importance as the split existing in this District has far ranging implications for not only debtors filing cases under both chapter 7 and 13 of the Bankruptcy Code, but also trustees and the Bankruptcy Administrator who are statutorily obligated to administer and oversee cases filed under those chapters of the Bankruptcy Code. Absent reconciliation of these rulings, debtors within the district will not be treated in a uniform manner. Additionally, a significant burden is placed on both the Bankruptcy Administrator and trustees to administer cases in a significantly disparate fashion depending on which judge has been assigned to the case.

On February 12, 2016, the Honorable Chief Bankruptcy Judge Stephani J. Humrickhouse entered an order, which is attached, recognizing the Bankruptcy Court's strong support for certification of this appeal to the U.S. Court of Appeals for the 4th Circuit.

(B) **ISSUE ON APPEAL:**

Whether 11 U.S.C. §707(b)(2) requires a debtor to deduct the lesser of their actual housing and vehicle expenses or the applicable National and Local Standard amount within the "Chapter 7 Means Test Calculation" set out in Official Form B-22A-2.

(C) **RELIEF SOUGHT:**

The parties request the U.S. Court of Appeals for the 4th Circuit resolve the conflicting interpretation of 11 U.S.C. §707(b)(2) existing within the U.S. Bankruptcy Courts of the Eastern District of North Carolina.

Signed:

| | | |
|---|---|---|
| Attorney for Appellant: | /s/ Brian C. Behr | |
| Printed name of signer: | Brian C. Behr | |
| Address: | Bankruptcy Administrator's Office<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | |
| Telephone number: | (919) 856-4886 | |
| Facsimile number: | (919) 856-4692 | |
| North Carolina Bar No.: | 36616 | |
| Email: | brian_behr@nceba.uscourts.gov | |
| Date: | February 16, 2016 | |
| | | |
| Attorney for Appellees: | /s/ R. Lee Roland, IV | |
| Printed name of signer: | R. Lee Roland, IV | |
| Address: | Law Offices of John T. Orcutt, P.C.<br>6616-203 Six Forks Road<br>Raleigh, North Carolina 27615 | |
| Telephone number: | (919) 847-9750 | |
| Facsimile number: | (919) 847-3439 | |
| North Carolina Bar No.: | 41930 | |
| Email: | lroland@johnorcutt.com | |
| Date: | February 16, 2016 | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: CASE NO.

GABRIEL LEVAR JACKSON 15-01915-5-SWH
MONTE NICOLE JACKSON

DEBTORS CHAPTER 7

RECOMMENDATION REGARDING JOINT CERTIFICATION OF ORDER ON APPEAL

This court entered an order in this chapter 7 case on September 10, 2015, which denied the bankruptcy administrator's motion to dismiss the case for abuse pursuant to 11 U.S.C. § 707(b)(1) (the "September 10, 2015 Order"). The bankruptcy administrator filed a timely notice of appeal on September 23, 2015. On October 21, 2015, the debtor and the bankruptcy administrator jointly and timely filed a "Certification To Court Of Appeals By All Parties," pursuant to Rule 8006(c) of the Federal Rules of Bankruptcy Procedure (the "Joint Certification"), as the parties seek a direct appeal of the September 10, 2015 Order. Pursuant to Fed. R. Bankr. P. 8006(a), the Joint Certification became effective on October 21, 2015, and signified the first step in the direct appeal process. The second step, i.e., the filing of a request for permission to take direct appeal with the circuit clerk as called for by Fed. R. Bankr. P. 8006(g), however, has not been taken due to an apparent inadvertent oversight by the parties, as well as the complex procedural nature of Rule 8006.

This court agrees with the parties in their assertion that a direct appeal is appropriate because the September 10, 2015 Order involves: (1) a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States; (2) a matter of public importance; and (3) a question of law requiring resolution of conflicting decisions within the Eastern District of North Carolina. Because the time has passed for the parties to request

certification by this court pursuant to Fed. R. Bankr. P. 8006(f), and because this court may not certify the September 10, 2015 Order on its own motion given that the matter is currently pending before the district court pursuant to Fed. R. Bankr. P. 8006(d) and (e), this court is powerless to remedy the parties' procedural limitations.

For the reasons iterated in the Joint Certification as to the importance of the issue presented on appeal, this court strongly supports certification by the district court of the September 10, 2015 Order for direct appeal to the U.S. Court of Appeals for the Fourth Circuit.

DATED: February 12, 2016                    *Stephani W. Humrickhouse* (signature)